IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CRIMINAL NO. 13-CR-30022-DRH |
| ) | |
| ATTILAH L. RUFFIN, ) | |
| ) | |
| Defendant. ) | |

### STIPULATION OF FACTS

Now comes, The United States of America, by Stephen R. Wigginton, United States Attorney for the Southern District of Illinois, and through Steven D. Weinhoeft, Assistant United States Attorney, who enters into the following Stipulation of Facts with the Defendant, ATTILAH L. RUFFIN, by and through herself and her attorney, pertaining to the relevant conduct of the defendant within the scope of U.S.S.G. §1B1.3. The parties hereby stipulate and agree as follows:

### Background

1. During all times relevant to the Information, Defendant, ATTILAH L. RUFFIN was a federal law enforcement officer for the Federal Bureau of Prisons since approximately the year 2006, who resided in the Southern District of Illinois.

2. ATTILAH L. RUFFIN is single and has never been married. ATTILAH L. RUFFIN has no children or dependents.

3. ATTILAH L. RUFFIN has never owned real estate property. ATTILAH L. RUFFIN has always resided in an apartment and thereby paid rent or resided at a relative's residence.

## Preparation and Filing of Tax Returns

4.      ATTILAH L. RUFFIN self-prepared her U.S. Individual Income Tax Returns for the years ending December 31, 2005, December 31, 2006, December 31, 2007, December 31, 2008, December 31, 2009, and December 31, 2010.  The U.S. Individual Income Tax Returns were prepared and filed based on information solely provided by ATTILAH L. RUFFIN.  The U.S. Individual Income Tax Returns were prepared and filed within the Southern District of Illinois.

5.      For the U.S. Individual Income Tax Returns for the years ending December 31, 2005, December 31, 2006, December 31, 2007, December 31, 2008, December 31, 2009, and December 31, 2010, ATTILAH L. RUFFIN prepared, or caused these U.S. Individual Income Tax Returns to be prepared and filed with the Internal Revenue Service.  ATTILAH L. RUFFIN signed each U.S. Individual Income Tax Return by means of a handwritten signature or a personal identification number (PIN) electronic signature, all under penalties of perjury.  These U.S. Individual Income Tax Returns were prepared and filed within the Southern District of Illinois.

6.      During all times relevant to the Information, ATTILAH L. RUFFIN used the filing status of "head of household" for the purpose of increasing her deductions.  ATTILAH L. RUFFIN knew it was proper to file "single" since she had no dependents.

7.      Beginning in the year 2006, ATTILAH L. RUFFIN was employed by the Federal Bureau of Prisons.  ATTILAH L. RUFFIN traveled on official business for the Federal Bureau of Prisons on one occasion, wherein all of her expenses were paid by the Federal Bureau of Prisons.

8. ATTILAH L. RUFFIN willfully filed false and fraudulent U.S. Individual Income Tax Returns for the years ending December 31, 2005, December 31, 2006, December 31, 2007, December 31, 2008, December 31, 2009, and December 31, 2010, in that each U.S. Individual Income Tax Return claimed false dependents and false deductions, illustrated as follows:

### Tax Year Ending December 31, 2005

9. For the U.S. Individual Income Tax Return for the year ending December 31, 2005, ATTILAH L. RUFFIN claimed one false dependent named DEPENDENT1 and falsely claimed this dependent as her niece, when in fact, ATTILAH L. RUFFIN knew DEPENDENT1 was not her niece.

10. During the year 2005, DEPENDENT1 did not reside with ATTILAH L. RUFFIN and ATTILAH L. RUFFIN did not provide over half of the financial support for DEPENDENT1.

11. Based on claiming the false dependent and the false deductions on her U.S. Individual Income Tax Return for the year ending December 31, 2005, ATTILAH L. RUFFIN falsely claimed the following items:

12.

| Line Number | Description | Amount as Reported or Previously Adjusted | Amount per Investigation |
|---|---|---|---|
| 4 | Filing Status | HOH | Single |
| 6c | Dependents | 1 | 0 |
| 42 | Exemption | $6,400.00 | $3,200.00 |
| 43 | Taxable Income | $0.00 | $636.00 |
| 44 | Tax | $0.00 | $64.00 |
| 63 | Total Tax | $0.00 | $64.00 |

3

## Tax Year Ending December 31, 2006

13. For the U.S. Individual Income Tax Return for the year ending December 31, 2006, ATTILAH L. RUFFIN claimed one false dependent named DEPENDENT1 and falsely claimed this dependent as her niece, when in fact, ATTILAH L. RUFFIN knew DEPENDENT1 was not her niece.

14. During the year 2006, DEPENDENT1 did not reside with ATTILAH L. RUFFIN and ATTILAH L. RUFFIN did not provide over half of the financial support for DEPENDENT1.

15. ATTILAH L. RUFFIN claimed that she paid child and dependent care expenses to M.B. on Form 2441, when in fact, she did not incur child and dependent care expenses. During the year 2006, M.B. did not provide child care for DEPENDENT1 at the specified address in Fairview Heights, Illinois, and ATTILAH L. RUFFIN did not pay M.B. $3,750.00 for child care services relating to DEPENDENT1.

16. For the U.S. Individual Income Tax Return for the year ending December 31, 2006, ATTILAH L. RUFFIN claimed false Schedule A, Itemized Deductions, specifically unreimbursed employee expenses, when in fact, ATTILAH L. RUFFIN knew she did not incur these expenses.

17. ATTILAH L. RUFFIN claimed unreimbursed employee business expenses in the occupation as a correctional officer in the amount of $7,331.00 on Form 2106-EZ, when in fact, she did not incur unreimbursed employee business expenses as a correctional officer. During the year 2006, ATTILAH L. RUFFIN traveled to the Federal Law Enforcement Training Center located in Glynco, Georgia for correctional officer training. ATTILAH L. RUFFIN'S expenses were paid for under the federal government's per diem rates and she was reimbursed for other incidental expenses; therefore ATTILAH L. RUFFIN did not incur unreimbursed employee

business expenses. During the year 2006, ATTILAH L. RUFFIN did not incur unreimbursed parking fees, tolls, and transportation, travel expense while away from home overnight, other business expenses, and meals and entertainment expenses.

18. Based on claiming the false dependent and the false deductions on her U.S. Individual Income Tax Return for the year ending December 31, 2006, ATTILAH L. RUFFIN falsely claimed the following items:

| Line Number | Description | Amount as Reported or Previously Adjusted | Amount per Investigation |
|---|---|---|---|
| 4 | Filing Status | HOH | Single |
| 6c | Dependents | 1 | 0 |
| 40 | Itemized/Standard Deduction | $14,312.00 | $7,641.00 |
| 42 | Exemption | $6,600.00 | $3,300.00 |
| 43 | Taxable Income | $15,830.00 | $25,801.00 |
| 44 | Tax | $1,836.00 | $3,496.00 |
| 48 | Credit for Child and Dependent Care Expenses | $720.00 | $0.00 |
| 53 | Child Tax Credit | $916.00 | $0.00 |
| 63 | Total Tax | $0.00 | $3,496.00 |
| 68 | Additional Child Tax Credit | $84.00 | $0.00 |

## Tax Year Ending December 31, 2007

19. For the U.S. Individual Income Tax Return for the year ending December 31, 2007, ATTILAH L. RUFFIN claimed two false dependents named DEPENDENT1 and DEPENDENT2, and claimed these dependents as her niece and nephew, respectively, when in fact, ATTILAH L. RUFFIN knew DEPENDENT1 and DEPENDENT2 were not her niece and nephew, respectively.

20. During the year 2007, DEPENDENT1 and DEPENDENT2 did not reside with ATTILAH L. RUFFIN and ATTILAH L. RUFFIN did not provide over half of the financial support for DEPENDENT1 and DEPENDENT2.

21. ATTILAH L. RUFFIN claimed she paid child and dependent care expenses to M.B. on Form 2441, when in fact, she did not incur child and dependent care expenses. During the year 2007, M.B. did not provide child care for DEPENDENT1 and DEPENDENT2 at the specified address in Fairview Heights, Illinois, and ATTILAH L. RUFFIN did not pay M.B. $3,750.00, $6,000.00, or $7,500.00 for child care services relating to DEPENDENT1 and DEPENDENT2.

22. For the U.S. Individual Income Tax Return for the year ending December 31, 2007, ATTILAH L. RUFFIN claimed false Schedule A, Itemized Deductions, specifically, unreimbursed employee expenses, when in fact, ATTILAH L. RUFFIN knew she did not incur these expenses.

23. ATTILAH L. RUFFIN claimed unreimbursed employee business expenses in the occupation as a correctional officer in the amount of $9,527.00 on Form 2106-EZ, when in fact, she did not incur unreimbursed employee business expenses as a correctional officer. During the year 2007, ATTILAH L. RUFFIN did not travel on official business as a correctional officer. During the year 2007, ATTILAH L. RUFFIN did not incur unreimbursed parking fees, tolls, and transportation, travel expense while away from home overnight, other business expenses, and meals and entertainment expenses.

24. Based on claiming the false dependents and the false deductions on her U.S. Individual Income Tax Return for the year ending December 31, 2007, ATTILAH L. RUFFIN falsely claimed the following items:

| Line Number | Description | Amount as Reported or Previously Adjusted | Amount per Investigation |
|---|---|---|---|
| 4 | Filing Status | HOH | Single |
| 6c | Dependents | 2 | 0 |

| 40 | Itemized/Standard Deduction | $15,848.00 | $7,279.00 |
| 42 | Exemption | $10,200.00 | $3,400.00 |
| 43 | Taxable Income | $13,934.00 | $29,735.00 |
| 44 | Tax | $1,259.00 | $4,068.00 |
| 47 | Credit for Child and Dependent Care Expenses | $1,259.00 | $0.00 |
| 63 | Total Tax | $112.00 | $4,180.00 |
| 68 | Additional Child Tax Credit | $2,000.00 | $0.00 |

## Tax Year Ending December 31, 2008

25. For the U.S. Individual Income Tax Return for the year ending December 31, 2008, ATTILAH L. RUFFIN claimed two false dependents named DEPENDENT1 and DEPENDENT2, and claimed these dependents as her niece and nephew, respectively, when in fact, ATTILAH L. RUFFIN knew DEPENDENT1 and DEPENDENT2 were not her niece and nephew, respectively.

26. During the year 2008, DEPENDENT1 and DEPENDENT2 did not reside with ATTILAH L. RUFFIN and ATTILAH L. RUFFIN did not provide over half of the financial support for DEPENDENT1 and DEPENDENT2.

27. For the U.S. Individual Income Tax Return for the year ending December 31, 2008, ATTILAH L. RUFFIN claimed false Schedule A, Itemized Deductions, specifically, unreimbursed employee expenses, when in fact, ATTILAH L. RUFFIN knew she did not incur these expenses.

28. ATTILAH L. RUFFIN claimed unreimbursed employee business expenses in the occupation as a correctional officer in the amount of $11,336.00 on Form 2106-EZ, when in fact, she did not incur unreimbursed employee business expenses as a correctional officer. During the year 2008, ATTILAH L. RUFFIN did not travel on official business as a correctional officer. During the year 2008, ATTILAH L. RUFFIN did not incur unreimbursed parking fees, tolls, and

7

transportation, travel expense while away from home overnight, other business expenses, and meals and entertainment expenses.

29. Based on claiming the false dependents and the false deductions on her U.S. Individual Income Tax Return for the year ending December 31, 2008, ATTILAH L. RUFFIN falsely claimed the following items:

| Line Number | Description | Amount as Reported or Previously Adjusted | Amount per Investigation |
|---|---|---|---|
| 4 | Filing Status | HOH | Single |
| 6c | Dependents | 2 | 0 |
| 40 | Itemized/Standard Deduction | $55,878.00 | $46,772.00 |
| 42 | Exemption | $10,500.00 | $3,500.00 |
| 43 | Taxable Income | $0.00 | $2,668.00 |
| 44 | Tax | $0.00 | $266.00 |
| 61 | Total Tax | $0.00 | $266.00 |
| 66 | Additional Child Tax Credit | $2,000.00 | $0.00 |

**Tax Year Ending December 31, 2009**

30. For the U.S. Individual Income Tax Return for the year ending December 31, 2009, ATTILAH L. RUFFIN claimed one false dependent named DEPENDENT1, and claimed this dependent as her niece, when in fact, ATTILAH L. RUFFIN knew DEPENDENT1 was not her niece.

31. During the year 2009, DEPENDENT1 did not reside with ATTILAH L. RUFFIN and ATTILAH L. RUFFIN did not provide over half of the financial support for DEPENDENT1.

32. ATTILAH L. RUFFIN claimed she paid M.B. to provide child and dependent care expenses on Form 2441, when in fact, she did not incur child and dependent care expenses. During the year 2009, M.B. did not provide child care for DEPENDENT1 at the specified

address in Fairview Heights, Illinois, and ATTILAH L. RUFFIN did not pay M.B. $7,500.00 for child care services relating to DEPENDENT1.

33. For the U.S. Individual Income Tax Return for the year ending December 31, 2009, ATTILAH L. RUFFIN claimed false Schedule A, Itemized Deductions, specifically unreimbursed employee expenses, when in fact, ATTILAH L. RUFFIN knew she did not incur these expenses.

34. ATTILAH L. RUFFIN claimed unreimbursed employee business expenses in the occupation as a correctional officer in the amount of $15,398.00 on Form 2106-EZ, when in fact, she did not incur unreimbursed employee business expenses as a correctional officer. During the year 2009, ATTILAH L. RUFFIN did not travel on official business as a correctional officer. During the year 2009, ATTILAH L. RUFFIN did not incur unreimbursed parking fees, tolls, and transportation, travel expense while away from home overnight, other business expenses, and meals and entertainment expenses.

35. For the U.S. Individual Income Tax Return for the year ending December 31, 2009, ATTILAH L. RUFFIN claimed false Residential Energy Credits in the amount of $1,500 on Form 5695, specifically for:

   a. Non-business Energy Property Credit for qualified energy efficiency improvements for:
      i. Insulation material or system specifically and primarily designed to reduce the heat loss or gain of your home in the amount of $3,000,
      ii. Exterior windows and skylights in the amount of $750, and
      iii. Exterior doors in the amount of $750.
   b. Non-business Energy Property Credit for residential energy property costs for:

    i. Energy-efficient building property in the amount of $1,500,

    ii. Qualified natural gas, propane, or oil furnace or hot water boiler in the amount of $1,500, and

    iii. Advanced main air circulating fan used in a natural gas, propane, or oil furnace in the amount of $500.

36. Based on claiming the false dependents and the false deductions on her U.S. Individual Income Tax Return for the year ending December 31, 2009, ATTILAH L. RUFFIN falsely claimed the following items:

| Line Number | Description | Amount as Reported or Previously Adjusted | Amount per Investigation |
|---|---|---|---|
| 4 | Filing Status | HOH | Single |
| 6c | Dependents | 1 | 0 |
| 40a | Itemized/Standard Deduction | $112,911.00 | $99,295.00 |
| 42 | Exemption | $7,300.00 | $3,650.00 |
| 43 | Taxable Income | $18,874.00 | $36,140.00 |
| 44 | Tax | $2,234.00 | $5,219.00 |
| 48 | Credit for Child and Dependent Care Expenses | $600.00 | $0.00 |
| 52 | Credits from Form 5695 (Energy Credits) | $1,500.00 | $0.00 |
| 60 | Total Tax | $134.00 | $5,219.00 |

## For Tax Year Ending December 31, 2010

37. For the U.S. Individual Income Tax Return for the year ending December 31, 2010, ATTILAH L. RUFFIN claimed one false dependent named DEPENDENT3, and claimed this dependent as her niece, when in fact, ATTILAH L. RUFFIN knew DEPENDENT3 was not her niece.

38. During the year 2010, DEPENDENT3 did not reside with ATTILAH L. RUFFIN and ATTILAH L. RUFFIN did not provide over half of the financial support for DEPENDENT3.

39. ATTILAH L. RUFFIN claimed she paid M.B. to provide child and dependent care expenses on Form 2441, when in fact, she did not incur child and dependent care expenses. During the year 2010, M.B. did not provide child care for DEPENDENT3 at the specified address in Fairview Heights, Illinois, and ATTILAH L. RUFFIN did not pay M.B. $3,000.00 for child care services relating to DEPENDENT3.

40. For the U.S. Individual Income Tax Return for the year ending December 31, 2010, ATTILAH L. RUFFIN claimed false Residential Energy Credits in the amount of $3,000 on Form 5695, specifically for:

    a. Non-business Energy Property Credit for qualified energy efficiency improvements for:

        i. Exterior windows and skylights in the amount of $1,500,

        ii. exterior doors in the amount of $1,500, and

        iii. metal roof with appropriate pigmented coatings or asphalt roof with appropriate cooling granules that are specifically and primarily designed to reduce the heat gain of your home, and the roof meets or exceeds the Energy Star program requirements in effect at the time of purchase or installation in the amount of $1,500, and

    b. Residential Energy Efficient Property Credit for:

        i. costs for qualified solar electric property in the amount of $2,000,

        ii. costs for qualified solar water heating property in the amount of $2,000,

        iii. costs for qualified small wind energy property in the amount of $1,500,

        iv. costs for qualified geothermal heat pump property in the amount of $1,500, and

v. costs for qualified fuel cell property in the amount of $2,100.

41. Based on claiming the false dependents and false deductions on her U.S. Individual Income Tax Return for the year ending December 31, 2010, ATTILAH L. RUFFIN falsely claimed the following items:

| Line Number | Description | Amount as Reported or Previously Adjusted | Amount per Investigation |
|---|---|---|---|
| 4 | Filing Status | HOH | Single |
| 6c | Dependents | 1 | 0 |
| 42 | Exemption | $7,300.00 | $3,650.00 |
| 43 | Taxable Income | $38,192.00 | $41,842.00 |
| 44 | Tax | $5,129.00 | $6,638.00 |
| 48 | Credit for Child and Dependent Care Expenses | $600.00 | $0.00 |
| 52 | Residential Energy Credits | $3,000.00 | $0.00 |
| 60 | Total Tax | $1,529.00 | $6,638.00 |

## Taxable Income and Tax Due and Owing

42. ATTILAH L. RUFFIN willfully filed false and fraudulent U.S. Individual Income Tax Returns for the years ending December 31, 2005, December 31, 2006, December 31, 2007, December 31, 2008, December 31, 2009, and December 31, 2010 in that the U.S. Individual Income Tax Returns claimed false dependents and deductions. The U.S. Individual Income Tax Returns were false and fraudulent in that they understated taxable income and the amount of tax due and owing.

43. In preparing and filing her U.S. Individual Income Tax Returns for the years ending December 31, 2005, December 31, 2006, December 31, 2007, December 31, 2008, December 31, 2009, and December 31, 2010, it was ATTILAH L. RUFFIN'S intent to willfully file false and fraudulent U.S. Individual Income Tax Returns by using an inapplicable filing status (head of household), claiming false dependents, deductions, credits, and expenses in order

to minimize the amount of income tax she would pay; while maximizing the amount of deductions, credits and refunds that she would receive.

44. Based on the currently available information, the tax loss to the United States of America for the years ending December 31, 2005, December 31, 2006, December 31, 2007, December 31, 2008, December 31, 2009, and December 31, 2010 is as follows:

| Tax Year Ending | Tax Loss for Criminal Purposes |
|---|---|
| December 31, 2005 | $0.00 |
| December 31, 2006 | $3,580.00 |
| December 31, 2007 | $6,068.00 |
| December 31, 2008 | $2,266.00 |
| December 31, 2009 | $5,085.00 |
| December 31, 2010 | $5,109.00 |
| Total | $22,108.00 |

45. This calculation does not consider any other potential upward adjustments to the deductions for expenses as reported on the U.S. Individual Income Tax Returns ATTILAH L. RUFFIN filed with the Internal Revenue Service. Nor does this calculation consider any potential downward adjustments to the deductions for expenses as reported on the U.S. Individual Income Tax Returns ATTILAH L. RUFFIN filed with the Internal Revenue Service.

UNITED STATES OF AMERICA

STEPHEN R. WIGGINTON
United States Attorney

STEVEN D. WEINHOEFT
Assistant United States Attorney

**AGREED AS TO FORM AND CONTENT:**

_____   Date: 01/28/2013
ATTILAH L. RUFFIN

_____   Date: 1/28/13
WILLIAM D. STIEHL, JR.

14